IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**MARCUS IVEY,**

    Petitioner,

vs.                                          Case No.: 4:13cv384-MW/CAS

**JULIE L. JONES,**[1]

    Respondent.
_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITON AS UNTIMELY

On June 25, 2013, Petitioner Marcus Ivey, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. On March 28, 2014, Petitioner submitted an amended habeas corpus petition. Doc. 13. Petitioner challenges convictions and sentences imposed by the Second Judicial Circuit Court on December 30, 2011, and January 12, 2011, following a series of plea deals. Doc. 1 at 5–11. On September 11, 2014, Respondent filed a motion to dismiss arguing the § 2254 petition is untimely, with exhibits. Doc. 18. Petitioner has not filed a reply, although given the opportunity to do so. *See* doc. 17.

---

[1] The Clerk of Court shall substitute Julie L. Jones as Secretary of the Florida Department of Corrections in place of Michael D. Crews. Julie Jones became Secretary on January 5, 2015, and shall be automatically substituted pursuant to Federal Rule of Civil Procedure 25(d).

The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). The pleadings and attachments before the Court show that the petition is untimely and should be dismissed. *See* Rule 4, R. Gov. § 2254 Cases in U.S. Dist. Cts (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural History

In June and July 2009, Petitioner was charged with thirty-two different counts, in twelve different cases, all alleging similar charges. Doc. 18 Exs. A–L at 1.[2] The offenses in the twelve separate cases were committed on different occasions. *Id.* In case 1335[3], Petitioner was charged with two counts, including burglary of a dwelling in violation of section 810.02(3)(b), Florida Statutes, as well as fleeing or attempting to elude officer in violation of section 316.1935, Florida Statutes. Doc. 18 Ex. A at 1. In case 1341, Petitioner was charged with burglary of a dwelling while armed with a firearm contrary to sections 775.087 and 810.02(2)(b), Florida Statutes, as well as grand theft and grand theft with a firearm in violation of section 812.014(2)(c), Florida Statutes. Doc. 18 Ex. B at 1. Petitioner had ten more cases brought against him, all with similar charges. Doc. 18 Exs. C–L at 1.

On December 30, 2010, Petitioner pled no contest to three counts in case 1390. Doc. 18 Ex. G at 2–3. On January 12, 2011, Petitioner pled no contest as to all other counts against him (cases 1341, 1346, 1347, 1348, 1389, 1454, 1459, 1462, 1534,

---

[2] Respondent's Ex. A comprises the information, plea, judgment, and sentence for case 1335. Exs. B–L comprises the same documents for Petitioner's other cases, in numerical order.
[3] All cases were lodged in Leon County, and have "2009–CF" as their prefix. The unique four digit case number follows. All cases are cited using that number.

1535). Doc. 18 Exs. A–L at 2. Petitioner received ten-year sentences for one count in each of cases, 1341, 1346, 1389, 1390, and 1534 and five-year sentences as to the other counts. Doc. 18 Exs. B–C, F–G, K at 6.

Judgment in case 1390 was entered December 30, 2010. Doc. 18 Ex. G at 13. In all other cases (1341, 1346, 1347, 1348, 1389, 1454, 1459, 1462, 1534, 1535), judgment was entered January 12, 2011. Doc. 18 Exs. A–C, E, H, J–K at 13; Doc. 18 Ex. D at 12; Doc. 18 Ex. F at 14; Doc. 18 Exs. I, L at 10. Petitioner did not file a direct appeal in regard to any of his cases.

On November 26, 2012, Petitioner submitted a Rule 3.850 post-conviction motion. Doc. 18 Ex. N at 1–5. The petition contests judgments and sentences in the following cases: 1390; 1348; 1454; 1462; 1349; 1534; 1459, 1341; 1389. *Id.* at 1. The petition and motion for rehearing were denied. *Id.* at 35–58. On April 2, 2013, the First DCA affirmed without opinion. Doc. 18 Ex. O. On May 30, 2013, the mandate was issued. Doc. 18 Ex. Q; Ivey v. State, 112 So. 3d 492 (Fla. 1st DCA 2013) (table) [case 1D13-0438].

On February 12, 2013, Petitioner submitted an appeal to the First DCA appealing the order denying rehearing and the motion to appoint counsel for appeal purposes. Doc. 18 Ex. S at 6–7. On May 7, 2013, the appeal was dismissed. Doc. 18 Ex. U. The mandate issued on June 4, 2013. Doc. 18 Ex. W; Ivey v. State, 113 So. 3d 2 (Fla. 1st DCA 2013) (table) [case 1D13-0666].

As indicated above, Petitioner filed his § 2254 petition in this Court on June 25, 2013.[4] Doc. 1. Petitioner submitted an amended petition on March 28, 2014. Doc. 13.

---

[4] The mailing stamp on the petition indicates it was received by prison officials on June 28, 2013, but Petitioner certified under penalty of perjury that the petition for writ of habeas corpus was placed in the

Petitioner asserts two grounds in the amended petition: (1) the trial court committed fundamental error by entering a wrongful judgment and conviction for uncharged offenses (Doc. 13 at 4); and (2) the trial court violated double jeopardy principles when it charged different offenses under different statutes for the same offenses.  Doc. 13 at 6.  Petitioner brought an ineffective assistance of counsel claim in the first petition, but not the amended one.  Doc. 1 at 7–9.  On September 11, 2014, Respondent filed a motion to dismiss the § 2254 petition as untimely, with exhibits.  Doc. 18.  Petitioner has not filed a reply.

## Analysis

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), there is a one-year limitations period for filling a § 2254 petition.  28 U.S.C. § 2244(d)(1).  The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  *Id.* § 2244(d)(1)(A).  Later dates which may commence the period are the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the constitutional right asserted was recognized by the U.S. Supreme Court and made retroactive on collateral review; and the date on which the factual predicate for the claim could have been discovered with due diligence.  *Id.* § 2244(d)(1)(B)-(D).  The period is tolled for the time during which a "properly filed" application for relief is pending in state court.  *Id.* § 2244(d)(2). [5]

---

prison mailing system on June 25, 2013.  Regardless of which date is used, this § 2254 petition is untimely.
[5] The time may also be equitably tolled in rare cases and "only if a petitioner establishes *both* extraordinary circumstances and due diligence." Diaz v. Sec'y for Dep't of Corr., 362 F. 3d 698, 702 (11th Cir. 2004).

Petitioner had judgments entered against him on two different dates; December 30, 2010, for case 1390 (Doc. 18 Ex. G at 2–3), and January 12, 2011, for all other cases. Doc. 18 Exs. A–F, H–L at 2–3. Respondent has assumed the later of the two dates to calculate whether Petitioner timely filed the federal habeas petition. Doc. 18 at 4. Using that date, Petitioner's conviction and sentence became final on February 11, 2011, thirty days after his time for filing a direct appeal expired. *See* 28 U.S.C. § 2244(d)(1)(A); Ramos v. State, 658 So. 2d 169 (Fla. 3$^d$ DCA 1995); Gust v. State, 535 So. 2d 642 (Fla. 1st DCA 1988) (explaining that if defendant does not appeal conviction or sentence, judgment of conviction and sentence becomes final when 30-day period for filing direct appeal expires). Accordingly, Petitioner had until February 11, 2012, to timely file a § 2254 federal habeas petition, or to file a state post-conviction petition which would toll the AEDPA limitations period. *See* 28 U.S.C. § 2244 (d)(1)–(2); Downs v. McNeil, 520 F. 3d 1311, 1318 (11th Cir. 2008) (calculating limitations period according to "anniversary method"); Ferreira v. Sec'y, Dep't of Corr., 494 F. 3d 1286, 1289 (11th Cir. 2007) (applying anniversary date analysis).

Petitioner did not file anything until he filed his Rule 3.850 post-conviction motion on November 26, 2012, well after his AEDPA time expired. Doc. 18 Ex. N at 1–5; s*ee also* Hutchinson v. State of Fla., 677 F. 3d 1097, 1098 (11th Cir. 2012) ("In order for that § 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run."); Tinker v. Moore, 255 F. 3d 1331, 1335 (11th Cir. 2001) ("We remind petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period."); Webster v. Moore, F. 3d 1256, 1259 (11th Cir. 2000) ("Under

§ 2244(d)(2), even 'properly filed' state court petitions must be 'pending' in order to toll the limitations period.  A state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").  Therefore, the § 2254 petition is untimely.

## Conclusion

Respondent's motion to dismiss (Doc. 18) should be granted because the § 2254 petition is untimely.  The § 2254 petition (Doc. 1), as amended (Doc. 13), should be dismissed.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner cannot make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). [6]  Therefore, the Court should deny a certificate of appealability in its final order.  Leave to appeal in forma pauperis should also be denied, as an appeal would not be taken in good faith.  See Fed. R. App.

---

[6] As dismissal of the petition is recommended solely on the procedural basis of timeliness, Petitioner must show "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

The Second sentence of Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Petitioner shall make any arguments as to whether a certificate should issue by filing objection to this report and recommendation.

### Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (Doc. 18) be **GRANTED**, the § 2254 petition for writ of habeas corpus (Doc. 1), as amended (Doc. 13), be **DISMISSED AS UNTIMELY**, a certificate of appealability be **DENIED**, and leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, January 28, 2015.


s/ Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**